No. 27,665.

THE STATE BANK OF NARKA (BARBARA SHIMEK Substituted), *Appellant,* v. J. J. SHIMEK, THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, THE WARREN MORTGAGE COMPANY, and S. H. HAMILTON, Trustee for J. J. Shimek, a Bankrupt, *Appellees.*

(265 Pac. 1106.)

SYLLABUS BY THE COURT.

MORTGAGES—*Foreclosure—Rights of Junior Mortgagee.* In an action to foreclose a mortgage, under the facts stated in the opinion, *held,* the holder of a junior mortgage should have been permitted to set the same up by answer and cross petition and have it adjudicated.

Appeal from Republic district court; JOHN C. HOGIN, judge. Opinion filed April 7, 1928. Reversed.

*Nelson J. Ward,* of Belleville, for the appellant.

*Charles L. Hunt, Frank C. Baldwin* and *C. J. Putt,* all of Concordia, for appellee S. H. Hamilton.

The opinion of the court was delivered by

HARVEY, J.:   This is an appeal by a defendant in an action to foreclose a mortgage from an order denying her application to set up by answer and cross petition and have adjudicated a mortgage inferior to that of plaintiff's. The question arises in this way: The bank brought an action on two promissory notes, dated May 31, 1921, and signed by J. J. Shimek, and to foreclose (subject to a prior mortgage to an insurance company) a mortgage of that date given by him to secure the payment of the notes. His divorced wife, Barbara Shimek, was made a defendant, and it was alleged that she had signed the notes as surety and that she had also executed the mortgage. The petition further alleged that Barbara Shimek claimed a lien on the property under and by virtue of a certain mortgage executed by J. J. Shimek in her favor dated May 13, 1921, but plaintiff alleged that her lien is junior, inferior and subsequent to the lien of the plaintiff.

Barbara Shimek answered that she had no mortgageable interest in the real property, that she was coercibly induced by fraudulent misrepresentations and intimidation to sign the mortgage, and that

Mortgages, 42 C. J. pp. 97 n. 1, 98 n. 28.

it was invalid as to her. Plaintiff moved that she be required to make her answer definite and certain. This motion was sustained and she was given ten days in which to amend her answer. No amended answer was filed. J. J. Shimek had been served by publication. Later he was adjudged a bankrupt, and S. H. Hamilton was appointed as his trustee in bankruptcy. On May 29, 1925, S. H. Hamilton filed an application setting forth his appointment as trustee, and asked to be substituted as a defendant in the action in place of J. J. Shimek for the purpose of acquiring for the bankrupt's estate such equity in the real estate as was possessed by the defendant, and an order was on that date made substituting him for the defendant J. J. Shimek. And on the same day a default judgment was taken in favor of the bank, in which it was found, generally, that the allegations of the plaintiff's petition were true; that the defendants, J. J. Shimek and Barbara Shimek, were indebted to the plaintiff in the sum of $2,385 upon the notes sued on; that there was a first mortgage on the property in favor of a certain life insurance company, and the mortgage of plaintiff was decreed "to be a valid, binding and subsisting lien" on the real property, "and that said mortgage be and the same is hereby foreclosed." The decree further provided that in the event judgment in favor of plaintiff was not paid within ten days an order of sale might issue. The decree contains no specific provision barring the defendant Barbara Shimek from any rights in the real property under the mortgage to her referred to in plaintiff's petition as constituting a lien inferior to that of plaintiff's.

Nothing further was done in the case until January 18, 1926, when Barbara Shimek filed a motion asking to be permitted to set up the mortgage from J. J. Shimek to her, dated May 13, 1921, and to foreclose the same subject to the lien of the plaintiff and of the first mortgage. Attached to the motion was a copy of the answer and cross petition setting out the note and mortgage from J. J. Shimek to her which she desired to set up and to foreclose. This motion was considered by the court and overruled February 25. Thereafter Barbara Shimek purchased from the plaintiff bank, and had assigned to her, the judgment which had been previously obtained by the bank in the action, and filed a motion asking to be substituted for plaintiff by virtue of such assignment, and again asked permission of the court to set up, by way of answer and cross petition, the note and mortgage made in her favor by J. J. Shimek. The motion to

substitute was allowed; the application to file her answer was denied. This is the order from which appeal is taken.

In this state of the record we think the defendant should have been permitted to file her answer and cross petition. The plaintiff is not complaining. The trustee in bankruptcy was entitled only to the interest of J. J. Shimek in the real property subject to the mortgages of record, and as to him it is immaterial whether the applicant foreclosed her mortgage in this action or in a separate action—the decree previously rendered in favor of the plaintiff did not specifically bar this mortgage. While Barbara Shimek might have filed this answer and cross petition before that decree was taken, the fact that she did not do so does not defeat the lien of her mortgage as against the trustee in bankruptcy. It tends to reduce expense and to avoid confusion to have both liens disposed of in one action and included in one sale of the property.

The judgment of the court below will be reversed, with directions to permit the filing of the answer and cross petition.